UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARI LAVERN REID,

    Plaintiff,

v.                                              Case No. 2:19-cv-747-FtM-38NPM

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court are Plaintiff's Petition for EAJA Fees (Doc. 23) and the Commissioner's Opposition (Doc. 24). For the reasons discussed below, the Court recommends the Petition be granted in part and denied in part, and the Request for Oral Argument (Doc. 23) be denied.

On May 28, 2020, the Court entered an Order (Doc. 21), granting an unopposed motion for entry of judgment with remand and reversing and remanding this case for further proceedings. (Doc. 21, p. 2). Thus, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed a request for an award of $8,304.50 in attorney's fees. (Doc. 24, p. 1).

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

In order for Plaintiff to receive an award of fees under EAJA, 28 U.S.C. § 2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff meets the requirements. As a result, the Court finds all conditions of EAJA have been met. (*See* Doc. 24). But the Commissioner does contest the number of hours expended and the hourly rate.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). The Commissioner raises the following three arguments concerning the number of hours expended by Plaintiff's counsel. First, Plaintiff's counsel unreasonably billed for time related to Plaintiff's argument section; second, Plaintiff's counsel expended excessive time on the statement of facts; and third, Plaintiff's counsel spent excessive time preparing the EAJA petition. (Doc. 24, pp. 3-5). The Commissioner requests that the overall number of hours be reduced to a maximum of 26.8 hours.

First, the Commissioner contends that 30.3 hours expended in drafting Plaintiff's argument section should be reduced by 10.3 hours, for a total of 20.0 hours. (*Id.*, p. 3). The Commissioner asserts the argument section was sixteen pages, containing three rather routine issues, involving: (1) a conflict between the Dictionary of Occupational

Titles and the vocational expert's testimony; (2) the vocational expert's use of Job Browser to arrive at the number of jobs available for Plaintiff; and (3) an appointments clause challenge. (*Id.*, p. 3). The Commissioner shows that much of the argument was copied from prior briefs. (*Id.*). And argues more than 30 hours is unusual to spend on a Social Security case. (*Id.*, p. 4). Upon review of the record and the issues raised in the draft Joint Memorandum, the Court finds 30.3 hours excessive and finds 24 hours reasonable. The Court will deduct 6.3 hours of time at the rate of $205.00 for a total deduction of $1291.50.

Second, the Commissioner argues Plaintiff's counsel expended excessive time on the statement of facts. (*Id.*, pp. 4-5). The Commissioner claims the statement of facts—apart from the ALJ's decision—amounted to three pages and so 5.1 hours is excessive. (*Id.*, p. 4). The Commissioner suggests a 2.1-hour reduction to 3.0 hours is reasonable. (*Id.*). After review of the draft Joint Memorandum, the Court finds the requested hours to review the entire transcript and draft a narrowed factual statement are reasonable.

Third, the Commissioner argues the amount of time to prepare the EAJA petition should be reduced from 2.3 hours to 1.0 hour, a 1.3-hour reduction. (*Id.*, p. 5). The Court finds that 1 hour of time is reasonable to prepare the EAJA fee petition and will deduct 1.3 hours at a rate of $205.00 for a total deduction of $266.50.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958

F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests the hourly rate of $206.25 for the year 2019 and $205.00 for the year 2020. (Doc. 23, pp. 2-3). While the Commissioner requests the 2019 rate of $206.25 be reduced to $205.25.

"The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI)." *Mitchell-Holliman v. Astrue*, No. 6:06-cv-1789-ORL-18KR, 2008 WL 2512643, *1 (M.D. Fla. June 23, 2008) (citing 28 U.S.C. § 2412(d)(2)(A)). The Commissioner calculates the rate by using the average CPI for All Urban Consumers for 2019 and finds the CPI yields a rate of $205.25 for 2019 (255.657/155.7 x $125.00). (Doc. 24, p. 2). Unlike the Commissioner, Plaintiff does not explain how she reached the rate of $206.25. (Doc. 23, pp. 2-3). The Court will reduce Plaintiff's hourly rate in 2019 to $205.25.

Accordingly, the Court determines that 32.9 hours of attorney time at the hourly rates of $205.25 and $205.00 are reasonable. Thus, the Court recommends awarding $6,744.50 ($8,304.50 - $1,560.00 = $6,744.50).

Plaintiff filed an Attorney Fee Contract that contains the following language: "I hereby assign any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (Doc. 23-1). Thus, the Court recommends that the fees be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is **RESPECTFULLY RECOMMENDED** the Petition for EAJA Fees (Doc. 23) be **GRANTED in part and DENIED in part**, and the Request for Oral Argument (Doc. 23) be **DENIED**. The Court further recommends that $6,744.50 be awarded for attorney's fees and these fees be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Shari Lavern Reid.

Respectfully recommended in Chambers in Fort Myers, Florida on October 6, 2020.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party' failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**